IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DELDRICK D. JACKSON, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:17-CR-0141-ELR-RDC-1 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:19-CV-0928-ELR-RDC |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [77] and Respondent's response [79]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

**I.    Background**

Relevant to the convictions that Movant challenges in this action, Movant previously was convicted on federal drug and money laundering charges in the United States District Court for the Middle District of Georgia, for which, in 2013, he received a total 130-month sentence. United States v. Jackson, No. 5:11-cr-0083-

MTT-CHW-2 (M.D. Ga. Aug. 2, 2013).  As stated by Movant, while serving a portion of his sentence at the prison camp in Atlanta, Georgia, he left the prison camp at least fourteen times, returning each time within an hour or two.  (Mot. to Vacate at 3, ECF No. 77).  On or about April 13, 2017, Movant again left the prison camp, without authorization, and was arrested before he returned.  (See Def. Second Sentencing Mem. at 2, ECF No. 69).

In April 2017, the grand jury for the Northern District of Georgia charged Movant with conspiracy to escape custody and escape from custody.  (Indictment at 1-3, ECF No. 10).  Movant pleaded guilty to both charges, and the Court accepted his plea.  (See Guilty Plea Tr. at 21, ECF No. 37; 11/14/2017 Minute Entry, ECF No. 65; Sentencing Tr. at 2, 24-25, ECF No. 82).[1]  By judgment entered on February 27,

---

[1] Movant initially pleaded guilty only to the conspiracy count, and (upon the Court's granting his motion to withdraw the negotiated plea agreement and allowing him to proceed on a non-negotiated plea of guilty to the conspiracy count), he later, in a non-negotiated plea, also pleaded guilty to the escape count. (See Sentencing Tr. at 2, 24-25).

The Court notes that Movant's conduct, which included "meeting with his wife for []conjugal relations and a quick bite to eat[,]" also included conspiring to provide other inmates, in exchange for a fee, with transportation from the USP Atlanta to various restaurants, hotels, and residences and possessing contraband.  (Mot. to

2

2018, the Court imposed a total eighteen-month sentence, to run consecutively with his term of imprisonment in 5:11-cr-0083.  (See J., ECF No. 73).

In his motion to vacate, Movant presents the following three grounds for relief: (1) the Federal Bureau of Prisons (BOP) has incorrectly calculated his sentence, (2) Movant's counsel provided ineffective assistance at sentencing, and (3) Movant committed his crimes because he was entrapped.  (Mot. to Vacate at 2-4). [2]

As to ground one, the Court previously informed Movant that a challenge to the BOP's calculation of Movant's sentence is not amendable to relief under § 2255. (Order of Feb. 27, 2019, at 2 n.1, ECF No. 78).  Such challenge is a challenge to the execution of Movant's sentence, and, after exhaustion of Movant's administrative remedies with the BOP, it must be brought in a 28 U.S.C. § 2241 petition in the district within which Movant is confined, which is not this district as Movant

---

Vacate at 3; Plea Tr. at 20).

[2] In the concluding paragraph of his motion to vacate, Movant states "in light of the foregoing, [Movant] respectfully requests this Honorable Court to grant his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, allow [Movant] to withdraw his guilty plea and proceed to trial . . . ."  (Mot. to Vacate at 5).  The Court observes that Movant has not challenged his guilty plea in these proceedings, and his conclusory request to withdraw his guilty plea and proceed to trial fails to state a claim.

currently is confined in Florida.  See United States v. Kinsey, 393 F. App'x. 663, 664 (11th Cir. 2010) (stating that § 2241 is the appropriate means for challenging the BOP's calculation and execution of a sentence, that such challenge must be brought in the district in which the inmate is incarcerated, and that the court in a district where inmate is not incarcerated lacks jurisdiction).  Ground one must be dismissed as this Court lacks jurisdiction to consider the matter.  Grounds two and three are discussed further below.

## II.     28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The § 2255 movant bears the burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited.

Collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or actual innocence.  Fordham v. United States, 706 F.3d 1345, 1349 (11th Cir. 2013). "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are

entitled to presume he stands fairly and finally convicted," and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 164, 166 (1982).

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)). That is the case here, as shown in the discussion below.

5

**III.	Discussion**

  **A.	Ground Two, Ineffective Assistance of Counsel at Sentencing**

The inmate camp in Atlanta, in which Movant was confined, is within the perimeter fence for the United States Penitentiary (USP) in Atlanta. (PSR ¶¶ 8, 10, 13, ECF No. 81). In Movant's second sentencing memorandum, counsel (1) conceded that a reduction under U.S.S.G. § 2P1.1 was unwarranted as the prison camp that Movant left could not be considered a "non-secure" facility but (2) argued that the Court should consider a departure from the recommended guidelines sentence and should impose an eighteen-month term of imprisonment. (Def. Second Sentencing Mem. at 1-4).

At sentencing, the Court found (1) that Movant had a total offense level of thirteen (a base offense level of thirteen, plus three levels for a multi-count adjustment, and less thee levels for acceptance of responsibility), and a criminal history of V and (2) that his guidelines range was thirty to thirty-seven months. (Sentencing Tr. at 19). Counsel (1) admitted that the offense level started at thirteen as Movant escaped from a camp and "there is a fence there" (but noted that Movant had walked across the railroad tracks where there was no fence) and (2) argued for a downward departure – to eighteen months – because, among other things, Movant

would have come back (as he always had when he previously had escaped) if he had not been arrested and because "in the realm of escape cases, this is relatively small potatoes." (Id. at 24, 26-28). The Court decided "to downwardly depart significantly from the guidelines" and, as stated earlier, imposed a total eighteen-month sentence, to run consecutively with Movant's term of imprisonment in 5:11-cr-0083. (Id. at 40-41).

In his second ground for relief, Movant asserts that counsel's failure to argue for a seven-level decrease under § 2P1.1(b)(2) or for a three-level departure under U.S.S.G. § 5K2.0 was ineffective in light of the fact that Movant was meeting his wife and previously had returned from such meetings within one or two hours (and presumably would have again returned had he not been arrested). (Mot. to Vacate at 3-4). Respondent argues that counsel was not ineffective in failing to pursue a decrease under § 2P1.1(b)(2) as that section applies only when a defendant has (1) escaped from non-secure custody (which Movant did not do as the prison camp has a perimeter fence) and (2) returned voluntary within ninety-six hours (which Movant did not do as he was arrested). (Resp't Resp. at 7, ECF No. 79). Respondent argues that counsel also was not ineffective for failing to seek a three-level downward

7

departure because counsel *did* seek a downward departure and a below-guidelines sentence of eighteen months.  (Id. at 8).

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  To show constitutionally ineffective assistance of counsel, a movant must establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation prejudiced him.  Id. at 690-92.  The Court may resolve an ineffective assistance claim based on either of the above prongs.  Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland, 466 U.S. at 690.  The movant must show that "no competent counsel would have taken the action that his counsel did take."  United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (internal quotation marks omitted).  Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.

The sentencing guidelines dictate, "If the defendant escaped from non-secure custody and returned voluntarily within ninety-six hours, decrease the offense level under § 2P1.1(a)(1) by 7 levels . . . ." U.S.S.G. § 2P1.1(b)(2).

> "Non-secure custody" means custody with no significant physical restraint (e.g., where a defendant walked away from a work detail outside the security perimeter of an institution; where a defendant failed to return to any institution from a pass or unescorted furlough; or where a defendant escaped from an institution with no physical perimeter barrier.)

U.S.S.G. § 2P1.1, Appl. Note 1. "'Returned voluntarily' includes voluntarily returning to the institution or turning one's self in to a law enforcement authority as an escapee (not in connection with an arrest or other charges)." U.S.S.G. § 2P1.1, Appl. Note 2. Section 5K2.0 of the guidelines allows the court to depart upward or downward from the guidelines range in certain circumstances.

Movant fails to show that no competent counsel would have failed to pursue a seven-level decrease under § 2P1.1(b)(2) when the prison camp from which he escaped was within a secured perimeter and when Movant was returned to custody as a result of his arrest, which does not qualify as a voluntary return to custody. Further, Movant fails to show that counsel was deficient for failing to seek a three-level downward departure. Counsel in fact sought a downward departure to eighteen

9

months, from the thirty to thirty-seven month guidelines range, which departure the Court granted.³ Movant fails to show that counsel was deficient.

### B. Ground Three, Entrapment

Movant argues in his third ground that he was unfairly entrapped by prison officials' actions and behavior, i.e., (1) officials telling prisoners that, if they left the camp for any reason, they must return and (2) officials failing to prevent Movant from leaving on the day in question. (Mot. to Vacate at 3-4). Respondent argues that this ground fails because Movant, by pleading guilty, waived the defense of entrapment. (Resp't Resp. at 9).

By entering a guilty plea, a defendant "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." United States v. De La Garza, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992)) (internal quotation marks omitted); Tiemens v. United States, 724 F.2d 928, 929 (11th Cir. 1984) (per curiam) (Once "a criminal defendant has

---

³ Section 5K2.0 allows departures from the *guidelines range*, which is stated in months, and it is unclear why Movant refers to a *three-level* departure.

solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." (quoting Tollett v. Henderson, 411 U.S. 258, 267 (1973)) (internal quotation marks omitted)).

Movant pleaded guilty, and the Court found that his guilty plea was valid. (See Guilty Plea Tr. at 21; 11/14/2017 Minute Entry; Sentencing Tr. at 2, 24-25). As stated, "a valid plea of guilty constitutes a waiver of all non-jurisdictional defenses. This includes the defense of entrapment." Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971). Accordingly, ground three fails.

## IV. Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla.

11

Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir. 2017) (quoting Slack, 529 U.S. at 484).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

### V.  Conclusion

Accordingly,

**IT IS RECOMMENDED** that Movant's ground one be **DISMISSED** for lack of jurisdiction; that Movant's remaining grounds two and three and his motion [77]

to vacate, set aside, or correct his federal sentence be **DENIED**; and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 21st day of February, 2020.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE